UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEON FORTIER,

                      *Plaintiff*,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                      *Defendant*.

No. 17-CV-1969 (KMK)

ORDER ADOPTING
REPORT & RECOMMENDATION

KENNETH M. KARAS, United States District Judge:

      Leon Fortier ("Plaintiff") brought this Action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Social Security Disability ("SSD") benefits. (*See* Decl. of Christopher James Bowes ("Bowes Decl.") (Dkt. No. 13) ¶ 4.) Before the Court is Counsel for Plaintiff's Motion for Attorneys' Fees under 42 U.S.C. § 406(b) (the "Motion"). (*See* Not. of Mot. (Dkt. No. 12); Bowes Decl.; Mem. of Law in Supp. (Dkt. No. 14).)

      Plaintiff applied for SSD benefits on March 17, 2010. (Bowes Decl. ¶ 4.) On October 4, 2011, Administrative Law Judge ("ALJ") Michael Rodriguez issued a decision denying Plaintiff's application. (*Id.* ¶ 9.) That decision became final on April 29, 2014, when the Appeals Council denied Plaintiff's request for review. (*Id.* ¶ 10.) Plaintiff then retained Christopher J. Bowes, Esq., and commenced a civil action in this District on June 23, 2014, *Fortier v. Colvin*, No. 14-CV-4497 (S.D.N.Y.) ("*Fortier I*"). (*Id.* ¶ 11.) In October 2014, the Commissioner offered to remand the action to the Social Security Administration for further administrative proceedings, and the parties so stipulated. (*Id.* ¶ 13.) Mr. Bowes then moved for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (*Id.* ¶ 14.)

The parties stipulated to resolve the EAJA motion for $2,300. *See Fortier I*, Dkt. No. 15. On July 28, 2016, Plaintiff appeared with Mr. Bowes before ALJ John Barry, who denied Plaintiff's claim. (Bowes Decl. ¶¶ 16–17.) Plaintiff filed the instant Action on March 17, 2017, (*see* Dkt. No. 1), and the parties again stipulated to a remand, this time pursuant to sentence six of 42 U.S.C. § 405(g). (*See* Dkt. No. 6). On March 3, 2020, following a string of prior adjourned hearings, Plaintiff and Mr. Bowes again appeared before ALJ Barry, who denied Plaintiff's claim on August 14, 2020. (Bowes Decl. ¶¶ 22–25).

On June 9, 2021, the Commissioner filed the certified administrative record on this Action's docket. (*See* Dkt. No. 9.) In March 2022, the parties stipulated to another remand, pursuant to sentence four of 42 U.S.C. § 405(g) and the Supreme Court's decision in *Carr v. Saul*, 593 U.S. 83 (2021), before a different ALJ. (*Id.* ¶ 27; Dkt. No. 9.) Mr Bowes did not seek EAJA fees at this time. (Bowes Decl. ¶ 29.) On July 12, 2023, Plaintiff and Mr. Bowes appeared before ALJ Sharda Singh. (*Id.* ¶ 30.) On September 8, 2023, ALJ Singh issued a decision on Plaintiff's March 17, 2010, application for benefits, finding that Plaintiff was disabled as of October 1, 2008, and entitled to benefits. (*Id.* ¶ 31.) The Notice of Award, dated April 9, 2024, calculated past-due benefits at $208,542, of which 25% ($52,135.50) was withheld for attorneys' fees. (*Id.*, Ex. E at 3.) On April 29, 2024, Mr. Bowes filed the instant Motion. (*See* Not. of Mot.)

On August 13, 2024, Magistrate Judge Andrew E. Krause issued a Report and Recommendation ("R&R") recommending that Mr. Bowes's motion be granted in part, that he be awarded $49,566.47, and that he be directed to refund Plaintiff $2,300, which is the amount

2

Mr. Bowes received as fees in connection with *Fortier I*. (*See generally* R&R (Dkt. No. 20).) No objections were filed. (*See generally* Dkt.)[1]

When no objections are filed, as is the case here, the Court reviews an R&R on a dispositive motion for clear error. *See Torres v. Golden Home Furniture Inc.*, No. 20-CV-4789, 2023 WL 3791807, at *1 (S.D.N.Y. June 2, 2023) (citing *Andrews v. LeClaire*, 709 F. Supp. 2d 269, 271 (S.D.N.Y. 2010)); *see also ExxonMobil Oil Corp. v. TIG Ins. Co.*, No. 16-CV-9527, 2022 WL 17070111, at *1 (S.D.N.Y. Nov. 17, 2022) (same). The Court has reviewed the R&R and, finding no substantive error, clear or otherwise, adopts the R&R in its entirety.

Accordingly, it is hereby:

ORDERED that the Report and Recommendation, dated August 13, 2024, is ADOPTED in its entirety.

ORDERED that the instant Motion is GRANTED IN PART and that Mr. Bowes be awarded $49,566.47.

ORDERED that Mr. Bowes is directed to promptly refund $2,300 in attorneys' fees directly to Plaintiff upon receipt of the award addressed in this Order.

ORDERED that the Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated:   March 25, 2025
         White Plains, New York

                                                    _____
                                                    KENNETH M. KARAS
                                                    United States District Judge

---

[1] Judge Krause provided notice that, pursuant to 28 U.S.C. § 636(1)(b) and Federal Rules of Civil Procedure 6(a) and 72(b), objections to the R&R were due within fourteen days from its receipt, and that failure to object would constitute a waiver of the right to raise any objections to the R&R on appeal. (*See* R&R 14–15.)